UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURWOOD LEWIS PRICE,

          Plaintiff

v.

DEPOSITORY TRUST AND
CLEARING COMPANY,
ALLIANZ FUNDS,
T. ROWE PRICE,
PACIFIC FUNDS
PORTFOLIO, and
FIDELITY INVESTMENTS,

          Defendants.

_____/

Case No. 2:20-cv-10141
District Judge Mark A. Goldsmith
Magistrate Judge Anthony P. Patti

## REPORT AND RECOMMENDATION REGARDING MOTIONS TO DISMISS (ECF Nos. 13, 16, 20 & 27)

**I.**    **RECOMMENDATION:** The Court should **GRANT** the pending motions to dismiss (ECF Nos. 13, 16, 20 & 27) and dismiss Plaintiff's complaint (ECF No. 1) in its entirety, even though one of the Defendants has yet to appear.

**II.**    **REPORT:**

      **A.**    **Background**

In a prior case that Mr. Price filed, this Court issued a show cause order, to which Plaintiff responded with an affidavit and an amended complaint. *See* Case No. 2:19-cv-12923-MAG-APP (E.D. Mich.) (ECF Nos. 7, ECF No. 8, PageID.77-

1

79, 89-94; ECF No. 9, PageID.137-142).  On November 5, 2019, the action was dismissed without prejudice, because the Court was "unable to conclude that it has subject matter jurisdiction over the case under 28 U.S.C. §§ 1331 or 1332 . . . ." (ECF No. 11.)

On January 21, 2020, clearly asserting jurisdiction based on Section 1332, Mr. Price filed the instant lawsuit *in pro per* against five Defendants:  (1) Depository Trust and Clearing Company (DTCC); (2) Allianz Funds; (3) T. Rowe Price; (4) Pacific Funds Portfolio; and, (5) Fidelity Investments.  (ECF No. 1, PageID.1, 4.)  Plaintiff proceeds *in forma pauperis*.  (ECF Nos. 2, 6.)[1]

## B.    Plaintiff's Claims

Plaintiff desribes his complaint as "a private right of action in the Equitable side of the Court behind the equity of 28 USC 2201."  (ECF No. 1, PageID.1.)  Citing 28 U.S.C. §§ 2201-2202 and a somewhat recent Supreme Court opinion, which held that "[a] property owner may bring *a takings claim under § 1983* upon the taking of his property without just compensation by a local government[,]" *Knick v. Twp. of Scott, Pennsylvania*, 139 S. Ct. 2162, 2179 (2019) (emphasis

---

[1] It appears that the United States Marshals Service (USMS) attempted service upon each of the five Defendants on or about February 18, 2020.  All Defendants but T. Rowe Price have appeared.  (ECF Nos. 12, 13, 14, 16.)  Nonetheless, if the Court agrees with the recommendations in this report, then there will be no need for the USMS to re-attempt service upon Defendant T. Rowe Price.

added), Plaintiff alleges, *inter alia*, that he was not compensated for the taking of property.  (ECF No. 1, PageID.PageID.4-5.)  He claims that Defendants "still hold said property belonging to the Plaintiff and refuse to return it to the Plaintiff."  (*Id*., PageID.5.)  Attached to Plaintiff's operative pleading are approximately fifty pages of exhibits, including:  (a) purported Committee on Uniform Securities Identification Procedures (CUSIP) results for balances as of October 31, 2018 (ECF No. 1, PageID.12-15); (b) internet printouts about Allianz, DTCC, Fidelity, Pacific Funds Portfolio, and T. Rowe Price (*id*., PageID.17-26, 28-29); (c) a December 2018 Certificate of Discontinuance of Business Under an Assumed Name (*id*., PageID.32-34); (d) documents from the Office of the Minnesota Secretary of State (*id*., PageID.35-56); (e) information from Fifth Third Bank (*id*., PageID.58-65); and, (f) internet printouts about the legal definition of consent (*id*., PageID.66-68).

### C.   Pending Dispositive Motions

On February 19, 2020, Judge Goldsmith referred this case to me for pretrial matters.  (ECF No. 10.)  Currently pending before the Court are four dispositive motions:

- Pacific Funds' March 23, 2020 motion to dismiss (ECF No. 13), which DTCC and Fidelity have joined (ECF Nos. 17, 19);

- DTCC's March 31, 2020 motion to dismiss (ECF No. 16)

- Allianz's April 7, 2020 motion to dismiss (ECF No. 20)

- Fidelity's May 26, 2020 motion to dismiss (ECF No. 27)

These motions seek dismissal based on a lack of subject matter jurisdiction – Fed. R. Civ. P. 12(b)(1) – and/or the failure to state a claim upon which relief can be granted – Fed. R. Civ. P. 12(b)(6).

In accordance with the Court's June 2, 2020 order, Plaintiff filed a timely response, and Defendants filed timely replies.  (ECF Nos. 31, 33-37.)

## D.    Discussion

### 1.    Whether Plaintiff's complaint adequately pleads subject matter jurisdiction?

A complaint must contain "a short and plain statement of the grounds for the court's jurisdiction[.]"  Fed. R. Civ. P. 8(a)(1).  The United States District Court's jurisdiction is described in various statutory sections of the United States Code. *See* 28 U.S.C. §§ 1330-1339.  These include the statutes mentioned in the Court's dismissal of Plaintiff's prior action – Section 1331 ("Federal question") and 1332 ("Diversity of citizenship; amount in controversy; costs").

Whatever Plaintiff's claims or causes of action against the Defendants may be, Plaintiff clearly asserts jurisdiction on the basis of 28 U.S.C. § 1332(a)(1). (ECF No. 1, PageID.2-4; *see also id*., PageID.69-70.)  This requires a showing that "the matter in controversy exceeds the sum or value of $75,000, exclusive of

interest and costs, and is between . . . citizens of different States[.]"  28 U.S.C. §
1332(a)(1).

### a. Amount in controversy

A complaint must contain "a demand for the relief sought, which may
include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a)(3).
Plaintiff's pleading includes various requests for relief, including compensatory
relief.  (ECF No. 1, PageID.5-6 ¶¶ 1-6.)  Nonetheless, as Defendant Pacific Funds
Series Trust correctly points out, the pleading "fails to allege the requisite amount
in controversy."  (ECF No. 13, PageID.108.)  More specifically, in Defendant
Allianz Global Investors' words, "Price fails to plead that his claim to relief
exceeds the $75,000 jurisdictional threshold for diversity under 28 U.S.C. §1332."
(ECF No. 20, PageID.143; *see also* ECF No. 27, PageID.178.)

Plaintiff seems to believe this is cured by his attachments of four "CUSIP
Results," which purportedly show balances associated with him, such as:  (i)
$9,417,000,000.00 in T. Rowe Price's Small-Cap Stock Fund, Inc. (ECF No. 1,
PageID.12); (ii) $376,568,000.00 in Pacific Funds Portfolio Optimization Moderat-
Conservative (*id*., PageID.13); (iii) $119,845,000.00 in Fidelity advisor Global
Capital Appreciation Fund – Class A (id., PageID.14); and, (iv) $281,331,000.00
in AllianzGI Mid-Cap Fund (*id*., PageID.15).  (ECF No. 33, PageID.206.)  As

Plaintiff puts it, "the **minimum** value of the smallest of the Plaintiff's property is **$119,845,000.00**[.]"  (*Id.*, PageID.206 (emphases in original).)

However, this argument is unavailing.  Preliminarily, the amounts in these attachments appear to be figures representative of the *entire* fund as of October 31, 2018, based on the following, albeit more current, amounts:  (i) T. Rowe Price Small-Cap Stock Fund's $9.6 billion in net assets as of October 31, 2020; (ii) Pacific Funds Portfolio Optimization Moderate-Conservative's $320.5 million in total net assets as of March 31, 2020; (iii) Fidelity Advisor Global Capital Appreciation Fund - Class A's $105.27 million in Portfolio Assets as of November 30, 2020; and, (iv) AllianzGI Mid-Cap Fund C's $376.5 million in total net assets as of October 31, 2020.[2]

Moreover, the Undersigned has reviewed Plaintiff's brief complaint (*see* ECF No. 1, PageID.1-6), the substance of which will be discussed in further detail below.  As it relates to an amount in controversy, Plaintiff at best makes only anemic allegations.  Plaintiff's prayer for relief does contain a request for "a declaratory ruling that the financial property held by the Defendants is in fact his

---

[2] See www.troweprice.com/financial-intermediary/us/en/investments/mutual-funds/us-products/small-cap-stock-fund.html; www.pacificfunds.com/rsd/mutual_funds/public/fund_literature/fact_sheets/mfc0601.pdf; https://institutional.fidelity.com/app/funds-and-products/0751/fidelity-advisor-global-capital-appreciation-fund-class-a-fgeax.html; and, https://us.allianzgi.com/en-us/products-solutions/mutual-funds/allianzgi-mid-cap-fund-c-rmdcx.

sole property as each item contains his full name, account numbers, and other person information for a period of several years; and, **NOT** that of the Defendants or anyone and/or anything else." (ECF No. 1, PageID.5 ¶ 1 (emphases in original).) (*See also id*., PageID.5 ¶ 2.) Yet, even if Plaintiff's prayer for relief describes the "herein stated financial property" as "the sole property of the Plaintiff," (ECF No. 1, PageID.5 ¶ 2), it strains credulity to assume that Defendants possess more than $10 billion – a gargantuan amount – of *Plaintiff*'s property. Defendant Fidelity Brokerage Services LLC (Fidelity) puts it well: "Suffice it to say that the value of an investment fund does not equate to an allegation that Plaintiff has suffered damages in that amount." (ECF No. 34, PageID.211-212.) Also, even though in the form of a standing argument, Defendant Fidelity points out in its own motion that "Plaintiff makes no plausible allegation that he has an ownership interest in money held by or for the benefit of the Defendants' customers and account beneficiaries." (ECF No. 27, PageID.178-179.) *See Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010) ("[w]hen challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof."). Similarly, Defendant Pacific Funds and Defendant DTCC assert that "Plaintiff does not own all of the 'Net Assets' in the various investment funds on which he has apparently based his Complaint," and "nowhere in the Complaint does Plaintiff allege what portion of this fund . . . [is] Plaintiff's property." (ECF

No. 35, PageID.217-218; ECF No. 36, PageID.223-224.)  Likewise, Defendant

Fidelity points out the lack of clarity as to "what portion is at issue."  (ECF No. 34,

PageID.212.)  Finally, Defendant Allianz Global Investors – accurately pointing

out that the total of the aforementioned accounts is more than $10 billion –

reasonably observes that, if Plaintiff is claiming that "*all* of the net assets listed in

these funds are his personal financial property[,]" then, "the net assets of the

respective funds are clearly not Plaintiff's property[.]"  (ECF No. 37, PageID.232.)

Even if the Court looks past the vastness of what *may*, for the sake of

argument, be a $10 billion amount in controversy – an amount which is derived by

totaling certain attachments to Plaintiff's pleading but as to which the *magnitude* of

his actual injury, *i.e.*, of what amount he has been deprived, is unclear –  and

considers the proposed, seemingly conditional compensatory percentage listed

within Plaintiff's prayer for relief, *i.e.*, "[s]hould the Defendants wish to comply . .

. no less than Five Percent (5%) of the total combined monetary value of the

Plaintiff's financial property that the Defendants current[ly] hold[,]" (*see* ECF No.

1, PageID.6 ¶ 5), $1,248,594,000 is still a fantastical amount.  Although more will

be said about plausibility later in this report, it is worth recalling that, even though

"a complaint filed *in forma pauperis* is not automatically frivolous within the

meaning of § 1915(d) because it fails to state a claim[,]" a complaint "is frivolous

where it lacks an arguable basis either in law or in fact."  *Nietzke v. Williams*, 490

U.S. 319, 325, 331 (1989).  Factual frivolousness includes allegations that are

"clearly baseless," "fantastic," or "delusional."  *Nietzke*, 490 U.S. at 327-328.  *See*

*also Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (dismissal appropriate when

"the facts alleged rise to the level of the irrational or the wholly incredible[.]").

### b.    Diversity of citizenship

Plaintiff lists the residency, primary location and/or principle place of

business for each of the parties.  (ECF No. 1, PageID.2-3.)  He then cites Section

1332(a)(1) and represents that "each one of the Defendants resides and/or is

located in another State and outside the State of Michigan."  (*Id*., PageID.4.)  (*See*

*also* ECF No. 1, PageID.8-10 [Affidavit].)  Furthermore, in his response, he

emphasizes that his case deals with entities whose citizenship is determined by

their respective states of incorporation, "as well as the state where the corporation

has its principal place of business[.]"  (ECF No. 33, PageID.206.)[3]

Determining whether this lawsuit is between "citizens of different States[,]"

28 U.S.C. 1332(a)(1), is not as straightforward as Plaintiff makes it, because

---

[3] Although it would be binding on this Court, it is unclear why Plaintiff cites
*Peninsula Asset Mgmt. (Cayman) Ltd. v. Hankook Tire Co.*, 509 F.3d 271, 272 (6th
Cir. 2007) ("Because there are alien corporations on both sides of the controversy,
this case lacks the complete diversity required for a federal court to exercise
diversity jurisdiction under § 1332(a)(2)."). *Peninsula* concerned a different
subsection of Section 1332(a), one that deals with "citizens or subjects of a foreign
state," rather than the one at issue here.

Defendants in this matter are different types of entites.  Preliminarily, Plaintiff seems to have made proper citizenship assertions for two of the defendants. Defendant DTCC identifies itself as Depository Trust and Clearing *Corporation* and contends it "is a privately held corporation, does not have any parent corporation, and no publicly held corporation owns 10% or more of its stock." (ECF Nos. 16, 23.)  The Court "deems a corporation to have the citizenship of its state of incorporation and its principal place of business[.]"  *Safeco Ins. Co. of Am. v. City of White House, Tenn.*, 36 F.3d 540, 544 (6th Cir. 1994).  Plaintiff alleges that DTCC "is a New York corporation, incorporated under the laws of the State of New York, with its principal place of business at [55 Water Street, New York, New York, 10041]."  (ECF No. 1, PageID.2 ¶ 1A.)  Likewise, although Defendant T. Rowe Price has yet to appear, but assuming it would have identified itself as T. Rowe Price Group, Inc., the Court has no reason to doubt Plaintiff's assertion that its primary location and principal place of business is 100 East Pratt Street, Baltimore, MD 21202 (ECF No. 1, PageID.3 ¶ 4), as this is the location of its corporate headquarters.[4]  Perhaps for this reason, Plaintiff cites *Hertz Corp. v. Friend*, 559 U.S. 77, 81 (2010) ("the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities.").  (ECF No. 33, PageID.204.)

---

[4] (*See* https://www.troweprice.com/corporate/us/en/utility/contact-us.html.)

However, the remaining three citizenship assertions are problematic.  First, Defendant Allianz has identified itself as "Allianz Global Investors," and explains that it is "a subsidiary of Allianz SE[.]"  (ECF Nos. 12, 21.)  Allianz seems to agree with Plaintiff that it is "organized as a Massachusetts business trust under the laws of Massachusetts . . . ."  (ECF No. 1, PageID.3 ¶ 3A; ECF No. 20, PageID.143.)  "[W]hen considering whether diversity jurisdiction exists, the citizenship of the trust should be determined by the citizenship of its trustee or trustees only."  *Gen. Ret. Sys. of the City of Detroit v. UBS AG*, No. 10-CV-13920, 2010 WL 5296957, at *4 (E.D. Mich. Dec. 20, 2010) (Steeh, J.).  *See also Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 465-466 (1980) ("they are real parties to the controversy.  For more than 150 years, the law has permitted trustees who meet this standard to sue in their own right, without regard to the citizenship of the trust beneficiaries."); *Ordway v. Bank of Am., N.A.*, No. 13-13236, 2013 WL 5551083, at *2 (E.D. Mich. Oct. 8, 2013) (Cohn, J.).[5]  Allianz correctly notes that Plaintiff has failed "to adequately allege the citizenship of the trustees[.]"  (ECF No. 20, PageID.144.)

---

[5] *But see JP Morgan Chase Bank, N.A. v. Century Truss Co. of Michigan*, No. 10-CV-11877, 2010 WL 2556867, at *2 (E.D. Mich. June 22, 2010) (Murphy, J.) ("The citizenship of a trust is determined by the citizenship of its trustees *and its beneficiaries*.") (emphasis added).

Second, the omission of trustee information also appears to be fatal for Plaintiff's assertion of Defendant Pacific Funds' citizenship.  This entity has identified itself as Pacific Funds Series Trust (PFST) and explained that it "is a Delaware statutory trust established by Pacific Life Insurance Company ('Pacific Life')[,]" and that Pacific Life "is wholly owned by Pacific LifeCorp., a Delaware company," which "is wholly owned by Pacific Mutual Holding Company, a Nebraska company."  (ECF Nos. 13, 25.)  Plaintiff uses the PFST moniker in his complaint, although he also uses "Pacific Funds Portfolio Optimization" (ECF No. 1, PageID.2-3 ¶¶ 2, 2A); yet, there is no mention of its trustees.

Third, Defendant Fidelity identifies itself as Fidelity Brokerage Services LLC and states that it is "is a wholly owned subsidiary of Fidelity Global Brokerage Group, Inc., a Massachusetts corporation."  (*See* ECF Nos. 14, 24.) "[A]n LLC 'has the citizenship of each of its members.'"  *Varsity Brands, Inc. v. Star Athletica, LLC*, 799 F.3d 468, 494 (6th Cir. 2015) (citation omitted), *aff'd sub nom. Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 137 S. Ct. 1002 (2017). Fidelity correctly observes that Plaintiff "fails to identify the domicile of the members of . . . Fidelity Brokerage Services LLC."  (ECF No. 27, PageID.178.)

### c.    Summary of jurisdictional problems

To be sure, there is authority for permitting Plaintiff an opportunity to amend to cure this jurisdictional defect.  *See Varsity Brands, Inc.*, 799 F.3d at 494

("Because Varsity's complaint is currently insufficient to establish diversity
jurisdiction under 28 U.S.C. § 1332(a), the proper course is to permit Varsity to
seek leave to amend the complaint pursuant to Federal Rule of Civil Procedure
15(a)(2) to attempt to establish that all members of Star do not share citizenship
with the three plaintiff corporations.").  But, that is effectively what this Court did
when it dismissed Case No. 2:19-cv-12923-MAG-APP (E.D. Mich.) without
prejudice in November 2019 and then, once Plaintiff filed the instant case in
January 2020, granted Plaintiff's application to proceed *in forma pauperis*, directed
Plaintiff to complete service documents, and ordered service of process by the U.S.
Marshal.  (ECF Nos. 2, 6, 7.)

There is no reason to doubt that the instant complaint is an attempt to resolve
what ailed the prior case.  Although the original complaint in the prior case named
only four Defendants, the prior case's amended complaint listed the same five
Defendants against which Plaintiff brings the instant complaint.  Also, the instant
complaint – filed just two months after the dismissal of the prior case – is
strikingly similar to the amended complaint in his prior case, although the instant
complaint elaborates on Defendants' principal places of business.[6]  Tellingly,

---

[6] *Compare* Case 2:19-cv-12923-MAG-APP (ECF No. 9, PageID.137-142 [Oct. 25,
2019 Amended Complaint]), *with* the operating pleading in this case (ECF No. 1,
PageID.1-7).

Plaintiff's response admits that he "refiled this immediate cause of action . . . ."
(ECF No. 33, PageID.204.)

Nonetheless, this lawsuit is also jurisdictionally defective. The January 21, 2020 complaint fails to allege either an amount in controversy or complete diversity of citizenship between the parties. This is so even though Plaintiff attaches an affidavit, similar to the one he provided in his prior case, which describes his best efforts to determine Defendants' states of citizenship.[7] Accordingly, Plaintiff's complaint should be dismissed for "lack of subject-matter jurisdiction[.]" Fed. R. Civ. P. 12(b)(1).

Plaintiff's contention that this Court "has already ruled on jurisdiction" (ECF No. 33, PageID.203-204) is not well-taken. Perhaps Plaintiff bases this statement on the Court's February 3, 2020 orders, the Clerk's issuance of summonses, or the provision of service of process documents to the USMS. (ECF Nos. 6-9.) However, Plaintiff's assumption that he has correctly shown diversity, "or this case would have been thrown out again by the Court and never have made it this far[,]" (ECF No. 33, PageID.205), does not equate to an order that this Court has subject matter jurisdiction, nor does an alleged representation regarding

_____

[7] *Compare* Case 2:19-cv-12923-MAG-APP (ECF No. 8, PageID.77-79 [Oct. 23, 2019 Affidavit]), *with* the January 21, 2020 affidavit in this case (ECF No. 1, PageID.8-10).

jurisdiction by others who may have assisted him.  In fact, not only does a court

speak through its orders and judgments, *see United States v. Penney*, 576 F.3d 297,

304 (6th Cir. 2009) (quoting *Williams v. Brown*, No. 90-1034, 1990 WL 208669,

*1 (6th Cir. Dec. 4, 1990)), but also, as one court has put it, "[s]ubject matter

jurisdiction is something the courts have a duty to examine at all stages of the

litigation, . . . the law of the case doctrine does not foreclose reconsideration of

subject matter jurisdiction."  *Hall v. USAble Life*, 774 F. Supp. 2d 953, 955 (E.D.

Ark. 2011) (internal and external citations omitted).

### 2.    Whether Plaintiff's complaint states a claim upon which relief may be granted?

A complaint must also contain "a short and plain statement of the claim

showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  In addition

to the foregoing argument on subject matter jurisdiction, Defendants Allianz and

Fidelity move for dismissal on the basis that Plaintiff has "fail[ed] to state a claim

upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6).  (ECF No. 20,

PageID.144-147; ECF No. 27, PageID.179-181.)

As noted earlier, Plaintiff describes his complaint as based on 28 U.S.C. §

2201.  (ECF No. 1, PageID.1.)  In fact, other than Plaintiff's jurisdicitonal citation

to Section 1332, Sections 2201 and 2202 are the only two statutes cited in

Plaintiff's operative pleading.  (ECF No. 1, PageID.1, 4-6.)  These statutes concern

declaratory judgments.  *See* 28 U.S.C. §§ 2201 ("Creation of Remedy") and 2202

("Further Relief").  If these statutes are the sole *substantive* basis for Plaintiff's

lawsuit – diversity jurisdiction not having been adequately pleaded – then there is a

further jurisdictional problem.  As Defendant Pacific Funds points out, "for any

suit brought under the [Declaratory Judgment] Act there must be some independent

source of federal jurisdiction, such as the existence of diversity of citizenship or

the specific presentation of a federal question."  *Auto-Owners Ins. Co. v.*

*Ergonomics Plus, Inc.*, 63 F. Supp. 3d 754, 762 (E.D. Mich. 2014) (Rosen, C.J.)

(citing *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667 (1950)).  (ECF No.

13, PageID.108.)  Defendant Allianz Global Investors makes a similar point by

citing *Doe v. Univ. of Dayton*, 766 F. App'x 275, 291 (6th Cir. 2019).  (ECF No.

20, PageID.144, n.4.)  Even Plaintiff seems to acknowledge this point by citing

*Allstate Ins. Co. v. Das*, 86 F. Supp. 3d 716, 720 (E.D. Mich. 2015) (Michelson, J.)

("Because the Declaratory Judgment Act only 'provides courts with discretion to

fashion a remedy in cases where federal jurisdiction already exists,' the Court must

also have an independent basis for subject matter jurisdiction.").  (ECF No. 33,

PageID.204.)  In other words, "[t]he Declaratory Judgment Act is the procedural

statute under which a federal court determines whether to exercise its jurisdiction

to hear a declaratory relief suit[;]" however, it "does not itself confer, expand, or

decrease federal subject matter jurisdiction; an independent basis for federal court

jurisdiction is required[.]"  12 *Moore's Federal Practice*, § 57.04 (Matthew Bender

3d Ed.).  In an effort to discern the substance of Plaintiff's complaint, it is helpful

to review Plaintiff's description of the "matter at issue," which is only three

paragraphs in length:

> The Plaintiff learned through a private investigator that all
> of the herein named Defendants acquired the Plaintiff's financial
> property through fraud and/or deception without any form of his
> knowledge, consent, understanding, or authorization in any way
> whatsoever.  Yet the exact person/individuals who did this is still
> unclear.
>
> The Plaintiff, through the Investigator, was in fact able to
> track down his herein stated property and its specific location(s)
> and those who currently possess said property, name fully, the
> herein stated Defendants, (see attached exhibits A-1 to A-4 ).
> The Plaintiff further contends that this acquisition of his herein
> stated property could not have been accomplished without some
> form of governmental assistance, collectively or through
> individuals.  In light of the United States Supreme Court decision
> in ***Knick v. Township of Scott, 588 US __ (2019)*** (see attached
> copy) the Plaintiff is in fact entitled to have this property returned
> to him because of the fact he was **NOT** compensated for the
> taking of such property.
>
> The herein stated Defendants still hold said property
> belonging to the Plaintiff and refuse to return it to the Plaintiff.
> The Plaintiff took additional lawful steps to reestablish his rights
> to said property and personally served each Defendant with
> copies of such notice, (see attached exhibits B-1 to B-5).  The
> Defendants failed to respond in any way.

(ECF No. 1, PageID.4-5 (emphases in original).)  Unfortunately, it is difficult to

determine exactly which attachments Plaintiff is referencing, as there are some

duplicate exhibit labels, although it seems Plaintiff is at least referring to the

CUSIP Results associated with Defendants T. Rowe Price, Pacific Funds, Fidelity, and Allianz.  (*See* ECF No. 1, PageID.12-15.)

In any event, these paragraphs do not aid Plaintiff's cause.  If Plaintiff intends to bring a claim based on fraud and/or deception, these paragraphs do not comport with the related pleading requirement.  *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.").  Quite simply, Plaintiff does not state circumstances with particularity.  Perhaps Plaintiff intended to put forth a constitutional claim, such as that "private property [shall not] be taken for public use, without just compensation."  U.S. Const. amend. V.  However, even assuming that Defendants here are proper Defendants in such a claim – which is a stretch on its own – Plaintiff's loose claim that the acquisition of his property "could not have been accomplished without some form of governmental assistance," (ECF No. 1, PageID.4), does nothing to describe errant behavior by DTCC, Allianz, T. Rowe Price, Pacific Funds or Fidelity.  Moreover, the vaguely alluded to government actor, namely the United States of America, is not named as a party.

In Plaintiff's *response*, he cites, *inter alia*:  (1) *Finley v. United States*, 490 U.S. 545 (1989) (a case that concerned the Federal Tort Claims Act and pendent jurisdiction); (2) the Interstate Commerce Act (49 Cong. Ch. 104, February 4,

1887, 24 Stat. 379); (3) 18 U.S.C. § 2314 ("Transportation of stolen goods, securities, moneys, fraudulent State tax stamps, or articles used in counterfeiting"); (4) the New York Stock Exchange (NYSE); (5) the Securities and Exchange Commission (SEC); and, (6) the Federal Trade Commission (FTC).  (*See* ECF No. 33, PageID.205.)  If these were the intended bases of a claim against any of the Defendants, then they should appear in a pleading as described in Fed. R. Civ. P. 7(a) ("Pleadings."), with the particularity required by Fed. R. Civ. P. 9(b), and with the plausibility required by *Iqbal* and *Twombly.*

As best as the Undersigned can discern, Plaintiff's allegations boil down to extremely vague assertions that he has discovered the "net asset" amount of certain funds, that these amounts are solely his, and that, therefore, he should get somewhere between 5% and 100% of billions of dollars, purportedly in accordance with *Knick*, 588 U.S. __, 139 S. Ct. 2162.  In the face of such non-specific assertions, even if Section 1331 provided a jurisdictional basis for Plaintiff's complaint, there is no facial plausibility to Plaintiff's claims against any of the five Defendants.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

The Undersigned is keenly aware that "the allegations of the pro se complaint . . . [are held] to less stringent standards than formal pleadings drafted by lawyers[.]"  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Perhaps this is something about which Plaintiff was concerned, given his citation to *Castro v. United States*, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category.").  (ECF No. 1, PageID.4.) Nonetheless, the complaint falls short "of stating any plausible claim entitling him to relief."  (ECF No. 27, PageID.180; *see also* ECF No. 20, PageID.146.) Additionally,  even a *pro se* plaintiff has been considered to be the "master of his [own] complaint."  *See Colston v. Bos. Mkt. Corp.*, No. 2:17-CV-11649, 2018 WL 1404417, *2 (E.D. Mich. Feb. 14, 2018) (Patti, M.J.) (quoting *Roddy v. Grand Trunk W. R.R., Inc.*, 395 F.3d 318, 322 (6th Cir. 2005)), *report and recommendation adopted*, No. 17-11649, 2018 WL 1397862 (E.D. Mich. Mar. 19, 2018) (Edmunds, J.).  Accordingly, the Court should conclude that Plaintiff's operative pleading fails to state a claim "upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6).

## III.    PROCEDURE ON OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service,

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.*  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: December 10, 2020

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE