# NUNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## DETROIT DIVISION



Curwood Lewis Price,
     **Plaintiff.**

                                  **Case No. 2:20-cv-10141-MAG**

-V-

                                  **Hon. Mark A. Goldsmith**

                                  **Mag. Anthony P. Patti**

Depository Trust and Clearing
Company, et al.
     **Defendants.**

---

## PLAINTIFF'S OBJECTION TO THE
## MAGISTRATE'S REPORT AND
## RECOMMENDATION

---

NOW COMES the above named Plaintiff in this immediate captioned cause of action and hereby makes his objection to the Magistrate's report and recommendation pursuant to **Fed.R.Civ.P. 72(b)(2)** and **Local Rule 72.1(d)**; wherein and in support of his objections the Plaintiff points to several facts that have been "over looked" in this above stated report and recommendation.

    In support of his objection the Plaintiff points to the following **facts** absent from said report and recommendation; and are as follows:

01. First and foremost the Plaintiff **DID NOT RECEIVE** this herein specified R & R until <u>DECEMBER 23, 2020</u> by regular United States Mail.

02. The Defendants in this above captioned cause of action have not, at any time, ever "denied" that they are in fact in possession of the Plaintiff's property; and, have in fact "admitted" throughout their filings thus far that they do in fact have the Plaintiff's property.

03. The R & R and this Court have also made it clear that this Court has jurisdiction over this matter.

04. **The R & R also fails to take into consideration that the status of the current** COVID-19 pandemic has made it absolutely **IMPOSSIBLE** for this Plaintiff to gain any form of access to **"ANY"** form of LAW LIBRARY whatsoever. **The Plaintiff,** being disabled, and severely financially limited; only has access to the limited form of Internet provided by his current vendor, AT & T, witch is limited to a few number of search engines such as Google and Bing; none of which provide any form of legal and/or "law library" access in the same manner as if the Plaintiff has been allowed, **prior to the COVID-19 pandemic, to continue his access that he had at the University** Of Detroit Mercy Law Library; nor, is the Plaintiff allowed access to the "PRO SE LAW CLINIC" on the 10th floor of the building where this very Court sits.

## FIRST OBJECTION
## LACK OF DISCOVERY

As stated herein above, this Plaintiff is physically and technologically limited **in his resources to obtain more detailed and specific information that is pointed** out  in the R & R.  As stated in said R & R, the Plaintiff has not specifically

stated an "amount" of financial compensation in his complaint. This was done by the Plaintiff

   A.  The Plaintiff filed a cause of action under **28 USCA 2201, 2202** in which he is only seeking declaratory relief from this Court and/or the return of his property.

   B.  The Plaintiff, once again, has no access to any type of information that can factually provide him with the "exact" amount of the "individual" bonds; other than the information that has al ready been provided in his filings thus far.

   C.  With that being the case, the Plaintiff has a reasonable inference to state that he would accept 5% of the listed value of the bonds in question.

It is further without question that the Defendants do in fact have this information as well as the **"ENTIRE"** transfer and trading history of these bonds that will show the exact time they were taken from the Plaintiff; show the first time they were recorded with the Defendants; show how many time these bonds have been traded until such time as they came into possession of the Defendants; and, it would also show the exact value of the bonds belonging to the Plaintiff.

**The Plaintiff has a liberty interest and constitutional right to limited discovery** pursuant to the clearly established law as stated in *SWIERKIEWICZ v. SOREMA N. A., 534 U S 506 (2002); MATRIXX INITIATIVES INC. v. SIRACUSANO, 563 U S 27 (2012)*; as well as written material published in the University of Michigan Journal of Law Reform [Vol. 45:2] (copy attached) that was published in 2012, which the **Plaintiff was able to obtain prior to the COVID-19 pandemic restrictions being** imposed.

The Plaintiff could in fact obtain the specific fact(s) and documentation(s) that the R & R says is lacking through the discovery process as clearly allowed throughout the Federal Rules of Civil Procedure and the Federal Rules of Evidence if he was allowed access to the discovery and/or subpoena process as stated in the above stated authorities.

## SECOND OBJECTION
## DIVERSITY OF CITIZENSHIP

The R & R states that the Plaintiff has not identified the "Trustees" of two of the Defendants; and fails to "identify the domicile of the members of...Fidelity Brokerage Services LLC." Once again, if the Plaintiff was allowed reasonable opportunity of discovery, the Plaintiff would be able to identify the necessary domicile of the specific Defendant(s).

As stated herein above, with the current "limitations" on the Plaintiff's ability to acquire this information; there is no possible way he can provide the "names" of those individual/person(s) the R & R says are lacking.

This current COVID-19 pandemic is <u>COMPLETELY NOVEL</u> and NEVER been dealt with before by this Court, or the **HISTORY** of any court in the United States before. Therefore, exceptions must be made as long as they do not interfere with the administration of justice in the Courts. In this context the Plaintiff relies on and INVOKES his right(s) to **Fed.R.Civ.P. 1** which states….

**Rule 1. Scope and Purpose**
    These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be <u>construed, administered,</u> and <u>employed</u> by the court and the parties to

4

secure the **JUST, SPEEDY,** and **INEXPENSIVE** determination of <u>**EVERY**</u> **action and proceeding.**
**(emphasis added)**

## THIRD OBJECTION
### RELIEF

Again, once the Plaintiff obtains a reasonable form of discovery he will be able to plead with specificity the relief he seeks and "cure" any and all defects that the R & R points out

### COST TO THE DEFENDANTS

There will in fact be little to no cost to the Defendants in this above captioned cause of action.  The Plaintiff is simply seeking a limited form of discovery where the Defendants provide the Plaintiff with the information/items/documents that the R & R says is missing from his pleadings; for example……

    a.  *a certified copy of the Plaintiff's actual and/or original bonds.

    b.  *documented proof of the entire transfer/sales/trading history of the Plaintiff's bonds that is in fact easily accessible to the Defendants.

    c.  *the actual and specific value of each of the Plaintiff's bonds "if" they differ from the information that has already been provided in the Plaintiff's filings.

    d.  *any information/items/documents that shows the Plaintiff actually agreed and/or authorized the sale/transfer/trading of his bonds that bears his original signature.

    e.  *who the "trustee" and/or individual/person(s) are in charge (CEO) of the Defendants for the purpose of citizenship as stated in the R & R.

f. *allow the Plaintiff to establish that these bonds were in fact illegally taken from him and establish a statutory basis for his claim;*  i.e. such as…… interstate transport of stolen property; property obtained by fraud and/or concealment, etc.

g. * show that the Plaintiff's property (bonds) were in fact taken from him without "ANY" form of knowledge, permission, consent, approval, compensation in **ANY FORM OR MANNER** whatsoever.

The discovery process will in fact allow this Plaintiff to be more specific in his pleadings against the Defendants for the illegal acquisition and/or possession of the Plaintiff's taken property.   For example, Plaintiff points to the case of *Devon Industrial Group, LLC v. Demerex Industrial Services, Inc., Dist. Court, ED Michigan 2012* which has clearly defines "fraudulent conversion" as….

Common law conversion is defined as "the intentional and distinct act of <u>domain</u> wrongfully extended over another's personal property in denial of or <u>inconsistent</u> with the rights therein (citation omitted) The statutory causes of action for conversion is codified in *MCLA 600.2919a,* and permits a plaintiff to obtain <u>treble damages</u> against a defendant wo:

Buy[s], receive[s], possess[es], conceal[s], or aiding the the concealment of stolen, embezzaled, or <u>converted</u> property knew that the property was stolen, embezzled, or converted. (emphasis addede)  See attached copies.

Now weather the Plaintiff is making a claim under this above quoted is entirely irrelevant at this point.  It is merely an example of a "possible" cause the R & R says is missing.

## CONCLUSION

From the very limited information that the Plaintiff can obtain, as it applies to **this above captioned cause of action, it would be manifest injustice for this Court to** allow this matter to be dismissed without any form of discovery allowed to the Plaintiff when **considered in the TOTALITY** of the current COVID-19 pandemic; especially, when the Federal Rules of Civil Procedure allow for a well founded and/or grounded exception that is well within this Courts very sound discretion to grant the Plaintiff in the form of limited discovery as sought herein.

## VERIFICATION OF THIS FILING

**NOW COMES the herein undersigned Plaintiff in this above captioned cause of** action and hereby swears to and states that all of the above stated is in fact true and **correct to the best of his knowledge, information, and belief and is further made under** the penalty of perjury and/or contempt of court, and is hereby willingly and freely **made by the affixed below signature.**

Respectfully submitted, with all Rights reserved with prejudice.

12- 28- 2020
Dated:

Curwood-Lewis; Price
19000 Fenton Street
Apt. #220
Detroit, MI. 48219

7

plaintiffs from filing frivolous strike suits would not be thwarted under such circumstances.[260]

If an e-discovery stay is extended to all civil litigation, but courts acknowledge that the stay should be lifted where parallel litigation or investigations reveal that plaintiffs' claims may have merit, the danger that access to the courts will be blocked can be minimized. Private antitrust litigation is instructive. Historically, such litigation has often been sparked by government investigations and prosecutions. By the time private litigation commences, counsel for defendants have often already produced documents to government investigators and retained electronic copies for themselves. There is no significant cost to defendants to provide additional copies to plaintiffs in the parallel litigation. Accordingly, stays should be lifted in these cases if the documents suggest that plaintiffs' claims have merit.[261]

Third, given the absence of empirical evidence establishing that *Twombly* and *Iqbal* have resulted in a significant increase in the dismissal of meritorious claims, there is little reason to assume that an e-discovery stay will add more significantly to such dismissals. A memorandum prepared in October 2009 for the Advisory Committee on Civil Rules noted: "[I]t is difficult to determine from case law whether meritorious claims are being screened under the *Iqbal* framework or whether the new framework is effectively working to sift out only those claims that lack merit earlier in the proceedings."[262] If a modest increase in dismissals of meritorious cases does result from a mandatory stay of discovery, this is likely to be significantly outweighed by the benefits that will flow from such a stay.

---

260.  *See, e.g.*, Brigham v. Royal Bank of Canada, No. 08 CV 4431(WHP), 2009 WL 935684, at *2 (S.D.N.Y. Apr. 7, 2009) ("[T]he mere fact that the PSLRA's goals would not be frustrated . . . is not sufficient to warrant lifting the stay.") (quoting 380544 Canada, Inc. v. Aspen Tech., Inc., 07 CIV. 1204(JFK), 2007 WL 2049738 (S.D.N.Y. July 18, 2007)).

261.  *But see In re* Graphics Processing Units Antitrust Litig., No. C 06-07417 WHA, MDL No. 1826, 2007 WL 2127577, at *5 (N.D. Cal. July 24, 2007) (granting defendants' motion to stay discovery in post-*Twombly* antitrust multi-district litigation even where the requested documents had already been produced to DOJ).

262.  *See* Memorandum from Samuel F. Abernathy, Chair, Special Comm. on Pleading Standards in Fed. Litigation, to the Executive Comm. & House of Delegates of the N.Y. State Bar Ass'n, Report of the Special Committee on Pleading Standards in Federal Litigation 3 (June 2, 2010) (quoting Oct. 2, 2009 version of Kuperman Memorandum, *supra* note 251), *available at* http://www.nysba.org/Content/NavigationMenu42/June192010Houseof DelegatesMeetingAgendaItems/StandardsforPleadingReportMemo.pdf; *see also* A. Benjamin Spencer, *Understanding Pleading Doctrine*, 108 MICH. L. REV. 1, 24 (2009) ("[I]t is unknowable whether a dismissed claim was nonetheless meritorious in an absolute sense.").

NW.2d 898, 906 (2006). The Michigan Court of Appeals recognized that where a "defendant was not a party to any . . . express contracts [between the same parties on the same subject matter]," the argument must fail because "the mere existence of [an] express contracts between [other parties] does not bar recovery from defendant in quantum meruit." *Morris Pumps*, 273 Mich. App. at 195, 199-200, 729 NW.2d at 904, 906. Here, there were no written contract signed by Ford and Demrex. Instead, the Defendants assert that Ford is subject to the Subcontract as a principal. In its Brief in Support of its Motion to Dismiss, Demrex states that courts look to the surrounding facts to determine if the agent had apparent authority to act on behalf of principal citing to a Michigan Court of Appeals case, and then states:

> Likewise, Devon, as Ford's general contractor/construction manager acted as an agent for Ford when Devon entered into the Subcontract with Demrex. Ford is a party to the express written contract and is therefore precluded from bringing a cause of action in unjust enrichment against any subcontractor of Demrex.

(Docket 153-1, at 11.) Thus, Ford merely cites the standard for determining whether an agent/principal relationship exists, and then makes a conclusory statement unsupported by argument or authority. Regardless, Demrex's assertion is premature at this early stage in the pleadings where it is unclear whether the contract covers the same subject matter as the unjust enrichment claims. *See Abijuba Intern., LLC v. Saharia*, 2012 WL 1672713, No. 11-12936, at *17 (E.D. Mich. May 14, 2012). Alternative pleading is appropriate here because a question of fact remains as to whether Ford is a party to the Subcontract. *See Id.* (citing *Date v. Sony Electronics, Inc.*, No. 07-cv-15474, 2010 WL 3702599, at *12 (E.D. Mich. Sept. 16, 2010)) (plaintiffs can plead their claim for unjust enrichment as an alternative to their claims for breach of contract so long as questions of fact exist as to the existence of a claim based on contract).

## 2. Count II: Common Law and Statutory Conversion

In the Amended Complaint, Ford argues, under the theories of common law and statutory conversion, that all the scrap metal that Demrex harvested was fraudulently converted by the Defendants. (Docket No. 146, at 21-22.) The Defendants argue that Ford cannot maintain an action in conversion where an express contractual agreement exists unless a duty separate and distinct from the contractual obligation is established. (Docket No. 153-1, at 11-13.) Ford asserts that a claim can be made for both conversion and breach of contract under a third party beneficiary theory in a complaint. (Docket No. 168, at 18-22.)

Common law conversion is defined as "the intentional and distinct act of domain wrongfully exerted over another's personal property in denial of or inconsistent with the rights therein. *Hescott v. City of Saginaw*, No. 10-13713, 2012 WL 3236601, at *29 (E.D. Mich. Aug. 7, 2012). The statutory cause of action for conversion is codified in M.C.L. § 600.2919a, and permits a plaintiff to obtain treble damages against a defendant who:

> buy[s], receiv[es], possess[es], conceal[s], or aid[s] in the concealment of stolen, embezzled, or converted property when the person buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property knew that the property was stolen, embezzled, or converted.

M.C.L. § 600.2919a(1)(b). Regardless of whether Ford is making a claim for common law or statutory conversion, the same analysis applies. *See Hoffmeyer v. Ingram*, No. 299868, 2011 WL 5555824, at *2-3 (Mich. App. Nov. 15, 2011).

The Western District of Michigan in *Trost v. Trost*, No. 1:09-cv-580, 2011 WL 4527372, at *10-12 (W.D. Mich. Sept. 28, 2011), recognized that "[i]t is possible for a party's conduct to result in both a breach of contract and a tort for common law conversion[,]" so long as the defendant's conduct constituted a breach of duty separate and distinct from the breach of contract. Thus, if a legal duty could not be enforced in the absence of the contract, a tort action may not be maintained. Here, genuine issues of material fact exist with respect to whether the Defendants committed a conversion by wrongfully exerting a distinct act of domain over Ford's property inconsistent with its rights. Like the Western District recognized in *Trost*, if Ford owned the scrap, and Ford and Demrex did not have a valid contract allowing Demrex to possess it, Demrex's refusal to return the scrap on its demand could constitute a civil conversion of the affected property. *Id.* at *15. Recognizing that the same analysis applies to statutory and common law conversion, even if it contends that it is a third party beneficiary of the Subcontract, Ford can still plead statutory or common law conversion in its Amended Complaint.

## 3. Count III: Aiding and Abetting Conversion



| **Home** | **Register** | **Why Register?** | **Login** | **New!** | **Help** |
|---|---|---|---|---|---|

⇦ **NAVIGATE SECTIONS** ⇨

MCL Chapter Index

📖 Chapter 600

📖 Act 236 of 1961

📖 236-1961-29

📖 Section 600.2919a

**Legislature**

Bills
Appropriation Bills (Passed)
Calendars
Committees
Committee Bill Records
Committee Meetings
Concurrent Resolutions
Initiatives/Alternative Measures
Joint Resolutions
Journals
Legislators
Public Act (Signed Bills)
Resolutions
Rules
Session Schedules
Search - Basic
Search - Advanced

**Laws**

Basic MCL Search
Advanced MCL Search
Public Act MCL Search
Michigan Constitution
Chapter Index
Executive Orders
Executive Reorgs
Historical Documents
MCL Tables
Often Req Laws
Req Outdated Acts

**More**

Archives
Email Notifications
Legislative Directory
Michigan Manuals
Michigan Color Themes

## Section 600.2919a

🔗 friendly link 🖨 Printer Friendly

### REVISED JUDICATURE ACT OF 1961 (EXCERPT)
### Act 236 of 1961

**600.2919a Recovery of damages, costs, and attorney's fees by person damaged; remedy cumulative.**

Sec. 2919a.

(1) A person damaged as a result of either or both of the following may recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney fees:

(a) Another person's stealing or embezzling property or converting property to the other person's own use.

(b) Another person's buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property when the person buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property knew that the property was stolen, embezzled, or converted.

(2) The remedy provided by this section is in addition to any other right or remedy the person may have at law or otherwise.

**History:** Add. 1976, Act 200, Eff. Mar. 31, 1977 ;-- Am. 2005, Act 44, **Imd.** Eff. June 16, 2005
**Compiler's Notes:** Enacting section 1 of Act 44 of 2005 provides:"Enacting section 1. This amendatory act applies to causes of action that arise after the effective date of this amendatory act."

© 2020 Legislative Council, State of Michigan



10000 Trenton St.
Apt. # 220
Detroit, MI. 48219

RECEIVED
JAN 15 2021
CLERK'S OFFICE
U.S. DISTRICT COURT

12/28/20

U.S. POSTAGE PAID
$1.40

Judge Mark A. Goldsmith
U S District Court
231 W. Lafayette Blvd.
Detroit, MI. 48226