UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURWOOD LEWIS PRICE,

    Plaintiff,

vs.

DEPOSITORY TRUST AND
CLEARING CO., et al.,

    Defendants.
_____/

Case No. 20-10141

HON. MARK A. GOLDSMITH

## OPINION & ORDER
### (1) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 39), (2) ADOPTING THE RECOMMENDATION OF THE MAGISTRATE JUDGE (Dkt. 38), (3) GRANTING DEFENDANTS' MOTIONS TO DISMISS (Dkts. 13, 16, 20, 27), AND (4) DISMISSING THE ACTION IN ITS ENTIRETY

Plaintiff Curwood Lewis Price filed the present action on January 21, 2020 against five defendants: Depository Trust and Clearing Co. ("Depository"), Allianz Funds ("Allianz"), T. Rowe Price, Pacific Funds Portfolio ("Pacific"), and Fidelity Investments ("Fidelity"). The matter was referred to Magistrate Judge Anthony P. Patti for a Report and Recommendation ("R&R"). Depository, Allianz, Pacific, and Fidelity filed motions to dismiss (Dkts. 13, 16, 20, 27), and Magistrate Judge Patti issued an R&R recommending that the Court grant the motions and dismiss the action in its entirety (Dkt. 38). Price filed objections to the R&R (Dkt. 39), and Allianz, Pacific, and Fidelity filed responses (Dkts. 40, 43, 44), with Depository joining in Pacific's response (Dkt. 41).

For the reasons that follow, the Court overrules Price's objections and adopts the recommendation contained in the magistrate judge's R&R. Defendants' motions are granted, and the action is dismissed in its entirety.

I.   BACKGROUND

The factual and procedural background has been adequately set forth by the magistrate judge and need not be repeated here in full. In relevant part, Price asserts a takings claim, citing 28 U.S.C. §§ 2201-2202 and Knick v. Twp. of Scott, Penn., 139 S. Ct. 2162, 2179 (2019), a case involving a takings claim under 42 U.S.C. § 1983. Price alleges that Defendants hold and refuse to return financial property that belongs to him. Attached to Price's complaint are approximately 50 pages of exhibits, including Committee on Uniform Securities Identification Procedures (CUSIP) results for balances bearing Price's name and purportedly reporting net assets and portfolio assets held by Allianz, T. Rowe Price, Pacific, and Fidelity.

In the R&R, Magistrate Judge Patti recommended dismissing the action on two grounds: jurisdictional defects and Price's failure to state a claim. Although the asserted basis for jurisdiction is diversity under 28 U.S.C. § 1332, the magistrate judge determined that Price failed to adequately plead the amount in controversy and the citizenships of Allianz, Pacific, and Fidelity. R&R at 6-9, 11-12, 14. The R&R further concludes that Price's vague allegations regarding his ownership of the financial assets and Defendants' fraud and deception are insufficient to state a plausible claim under Federal Rules of Civil Procedure 8(a) and 9(b). Id. at 15-20.

II.   LEGAL STANDARD

The Court reviews de novo any portion of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have."). Any issues raised for the first time in objections to an R&R are deemed waived. Uduko v. Cozzens, 975 F. Supp. 2d 750, 757 (E.D. Mich. 2013) (citing Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[I]ssues raised

for the first time in objections to magistrate judge's report and recommendation are deemed waived.")).

### III.   DISCUSSION

While Price advances three objections to the R&R, he raises the same primary argument in each—that any pleading deficiencies or other defects identified in the R&R may be cured by permitting him to engage in discovery.[1]  Price further emphasizes his inability to access a law library in the wake of closures and other restrictions stemming from the COVID-19 pandemic.

Under Federal Rule of Civil Procedure 8(a), Price was required to set forth in his complaint a "short and plain" statement of the grounds for the court's jurisdiction, as well as a statement of the claim showing his entitlement to relief.  Further, as the party asserting diversity jurisdiction, Price bears the burden of establishing it.  See Hertz Corp. v. Friend, 559 U.S. 77, 96 (2010).  Although a pro se complaint is held to a less stringent standard than those drafted by attorneys, pro se litigants are not relieved of the pleading requirements under Rule 8(a).  See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989) (recognizing that pro se plaintiffs are not relieved from basic pleading obligations and that courts should not have to "conjure up" unpleaded allegations); Tucker v. Haspel, No. 20-cv-13096, 2020 WL7122084, at *1-2 (E.D. Mich. Dec. 4, 2020) (dismissing a pro se complaint where it failed to set forth a basis for subject matter jurisdiction).

The magistrate judge correctly concluded, and Price does not dispute, that he failed to meet these pleading requirements.  Price is not entitled to discovery to cure these defects in his complaint.  Where a complaint does not meet the requirements of Rule 8(a), the plaintiff is not

---

[1] In their responses, Allianz, Pacific, and Fidelity incorrectly contend that Price's objections were filed untimely.  The R&R was filed on December 11, 2020, and objections were to be filed within 14 days of service.  See Fed. R. Civ. P. 72(b)(2).  However, because service of the R&R was made on Price by mail, three days were added to the objection period.  See Fed. R. Civ. P. 6(d).  Accordingly, the objection deadline was December 28, 2020, the date the docket indicates Price's objections were filed.

entitled to discovery, however limited it may be. Ashcroft v. Iqbal, 556 U.S. 662, 685-686 (2009); see also New Albany Tractor, Inc. v. Louisville Tractor, Inc., 650 F.3d 1046, 1051 (6th Cir. 2011). Further, permitting Price to engage in discovery to cure defects in his complaint would prove to be futile. As emphasized in the R&R, Price is simply unable to state a plausible claim where he alleges entitlement to vast amounts in the billions of dollars—figures premised on the total value of assets managed by Defendants, rather than any amounts attributable to Price. R&R at 8-9. This Court agrees with the magistrate judge's conclusion that Price's complaint is subject to dismissal on the ground that it is premised on allegations that are "clearly baseless," "fantastic," and "delusional." Id. (citing Nietzke v. Williams, 490 U.S. 319, 325, 331 (1989)). No amount of discovery can cure this defect.

## IV. CONCLUSION

For the reasons stated above, Price's objections are overruled (Dkt. 39), the R&R is adopted (Dkt. 38), Defendants' motions to dismiss are granted (Dkts. 13, 16, 20, 27), and the present action is dismissed with prejudice.

SO ORDERED.

Dated: February 8, 2021             s/Mark A. Goldsmith  
    Detroit, Michigan                 MARK A. GOLDSMITH  
                                         United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 8, 2021.

                                                         s/Karri Sandusky  
                                                         Case Manager